# Kerr's Appeal.

1. The satisfaction of a judgment is prima facie evidence of payment, or of a gift; its legal effect is the extinguishment of the debt.

2. A. confessed judgment to a trustee for his wife to secure a just debt due to her. Shortly afterwards, when A. was in financial difficulty, and in custody under a warrant of arrest obtained by another creditor, he obtained his discharge by giving bond to have the judgment against him satisfied. This was done and his wife assented in writing to the entry of satisfaction. There was no evidence of payment of the debt, or of fraud or duress in obtaining the satisfaction of the judgment. Sixteen years after, in settling A.'s account as administrator of his wife's estate, the parties in interest endeavored to surcharge A. with the amount of said judgment. *Held*, that the transaction was presumptively a gift by the wife to the husband, and there was no burden on him to prove consideration or bona fides.

October 15th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Washington county :* Of October Term 1883, No. 5.

This was an appeal by William Kerr, administrator of the estate of Mary A. Kerr, deceased, from a decree of the Orphans' Court of Washington county sustaining exceptions filed to the report of an Auditor appointed to audit his account and report distribution, and surcharging him with the sum of $9,589.45.

The facts appeared from the report of the Auditor, Boyd Crumrine, Esq., to be as follows : Mary A. Kerr died October 17th 1877, intestate, leaving a husband, William Kerr, the accountant, three daughters by a former husband, Josiah Thomas, viz. Angelina L. Porter, M. J. B. Knowles and Sarah E. Jones, and one daughter, Anna Kerr, by her second husband. William Kerr took out letters of administration, and in his account charged himself as a debtor of his wife on two notes aggregating $2,441.54. The decedent's children by her first husband moved to surcharge the accountant with an alleged

indebtedness to her estate of $5,656.89, with interest from October 26th 1859. In support of this claim there was offered in evidence a judgment bond given by William Kerr to Thomas Williams, a brother of the decedent, for her use in the penal sum of $11,313 on which judgment had been entered on Nov. 12th 1859 by Montgomery & Gibson, attorneys for Williams; which bond was conditioned for the payment of $5,586.89 " to the said Thomas Williams for the use of the said Mary A. Kerr, her heirs and assigns " with interest from date. This judgment was marked satisfied upon the docket June 19th 1861 and the following paper filed of record.

"Thomas Williams in trust        In the Common Pleas for Wash-
       for Mary A. Kerr,             ington County, Pa.  No. 218,
               v.                    November T., 1859.
       William Kerr.

"I hereby authorize and direct my attorneys, Montgomery & Gibson, to have the above judgment marked satisfied.

"Witness my hand and seal June the 18th, 1861.

"I assent.                          THOMAS WILLIAMS, [L. S.]
       " MARY A. KERR.

'· The prothonotary is directed to enter satisfaction in above case.                              MONTGOMERY & GIBSON,
"June 19th 1861.                    Attorneys for Plaintiff."

It was further shown that certain judgments had been obtained against Kerr by the Franklin Bank of Washington, of November Term, 1859 and February Term, 1860, the record showing the arrest of Kerr under the Act of July 12th 1842, and the proceedings pursuant thereto in which Kerr, to obtain his release, gave bond with sureties to " procure satisfaction to be entered upon No. 218 November Term, 1859 " (the above judgment in favor of Williams, trustee), and to pay $3,000, on account of one of the judgments held by the bank. It was admitted by Kerr in his affidavit filed in these proceedings that the indebtedness represented by his confession of judgment to Williams was justly and bona fide owing to his wife at that time. Thomas Williams was not shown to be dead at the time of the audit of Kerr's accounts, or beyond the reach of a subpœna or commission, and one of the firm of Montgomery & Gibson was then living, but no further evidence was produced. It was claimed before the Auditor that the order to satisfy, and proceedings pursuant thereto, were insufficient to establish the discharge of said indebtedness, in the absence of affirmative proof, either of actual payment of said indebtedness, or that Mary A. Kerr's assent to the satisfaction was her voluntary act done without duress or undue influence on the part of her husband.

The Auditor in a lengthy and learned report upon the law of

[Kerr's Appeal.]  .

the case, having refused so to surcharge the accountant, the court
below sustained exceptions filed to his report, surcharged the
accountant in the sum of $9,589.45 and awarded distribution
accordingly, HART, P. J., filing the following opinion : " The
entry of satisfaction on the judgment, with the wife's concur-
rence, was undoubtedly made in pursuance of the agreement of
June 19th 1861, filed to No. 64 of February Term, 1861, by
which Kerr undertook to " forthwith procure satisfaction to be
entered upon judgment No. 218 of November Term, 1859." He
was, at the time, under arrest, charged by creditors with the
perpetration of fraud ; his situation was one of great embar-
rassment and distress ; and it was necessary, in order to appease
the pursuing creditors, and get a stop put to further proceed-
ings under the warrant of arrest, that he should get the judg-
ment in favor of his wife out of the way, so as to give priority
to the other judgment.    Mrs. Kerr did what almost any woman
would have done in a similar case.    She consented that her
judgment should be marked satisfied, to the end that her hus-
band should be released from his distress and peril, and escape
from the grasp of his creditors.    To my mind it seems obvious
that this was the whole and sole purpose of the transaction ; and
from such circumstances no fair inference can be drawn, that
either Mrs. Kerr or the trustee was actually paid the whole or
any part of the judgment by her distressed husband, or by any
one else.    Indeed the presumption seems to me to be clearly
the reverse ; especially in view of the relation of the parties as
husband and wife.    There is, in my judgment, nothing in the
case, when all the circumstances are collectively considered,
which proves, or tends to prove, either that the wife or her
trustee received any money, or that the wife intended to make
a gift of the money secured by the judgment to her husband.
No such inference is justly deducible from the facts.    The wife
was appealed to, to rescue her husband from his perilous situa-
tion by removing the lien of her judgment.    With a loyalty
and generosity to be expected of a faithful wife she responded
by a prompt entry of satisfaction upon the judgment.    There
is positively no evidence of anything other or further than this
done or intended by Mrs. Kerr.    It is clear, therefore, that
what she did do did not, in the slightest degree, affect the debt
itself, which, as between her and her husband, remained intact.
To hold that by the entry of satisfaction under the peculiar
circumstances in which it was done, the debt was discharged, it
seems to me would be at once illogical and cruel ; and I am not
convinced by the elaborate opinion of the learned Auditor, that
there is any legal principle which would require us to adopt
such a conclusion,—a conclusion opposed, as I think, to the

natural, obvious and common sense interpretation of the transaction."

Whereupon Kerr took this appeal, assigning for error the decree of the court sustaining exceptions filed to the Auditor's report and surcharging him with the sum of $9,589.45 as above stated.

*D. F. Patterson* (with whom was *J. W. & A. Donnan*), for appellant.—A married woman may dispose of her personal property as she chooses, without any formality such as is required to make a valid transfer of real estate. When she chooses to dispose of it by gift to her husband his assent is presumed and no unusual proof has been required to support such gift. Darlington's Appeal, 5 Norris 512, was a case of the conveyance of the wife's real estate, and the doctrine of that case has never been applied to gifts of personalty : Flattery *v.* Flattery, 10 Norris 474; Brown's Appeal, 13 Id. 362 ; Dando's Appeal, 13 Id. 76 ; Powell's Appeal, 2 Out. 403 ; Eby *v.* Hoopes, 10 Weekly Notes 315 ; Hardy *v.* Van Harlingen, 7 Ohio St. 208 ; Scarborough *v.* Watkins, 9 B. Mon. 540 : Meriam *v.* Harsen, 4 Edw. Ch. 70 ; S. C., 2 Barb. Ch. 232 ; Parks *v.* White, 11 Ves. 222. The satisfaction of the judgment by the wife is evidence of a gift to her husband : Licey *v.* Licey, 7 Barr 250 ; Bond *v.* Bunting, 28 P. F. Smith 210 ; and strong proof is required to overcome the presumption : Thompson *v.* Faussat, 1 Peters C. C. 182 ; Fleming *v.* Parry, 12 Harris 47.

*M. C. Acheson* (with whom was *A. W. Acheson*), for the appellees.—Owing to the confidential relation existing between them, the wife is presumed to be under the control of her husband. As he seeks to give the satisfaction of the judgment a wider construction than necessary to relieve him from arrest, he should show affirmatively that she understood and assented to the absolute discharge of his indebtedness to her : Darlington's Appeal, 5 Norris 512 ; Bachman *v.* Killinger, 5 P. F. Smith 414 ; Hamill's Appeal, 7 Norris 367. A release by parol of a specialty or judgment casts the burden on the defendant of proving a consideration or a gift, as none is stated in the writing : Whitehill *v.* Wilson, 3 P. & W. 413 ; Kidder *v.* Kidder, 9 Casey 268 ; Kennedy *v.* Ware, 1 Barr 445 ; Campbell's Estate, 7 Barr 100.

The opinion of the court was delivered January 7th 1884, by PAXSON, J.

This case differs essentially from Darlington's Appeal, 5 Norris 512. There, the husband obtained from his wife within two months after their marriage, under circumstances which

indicated unwillingness on her part, a conveyance of a valuable farm, and tract of timber land, of which she was the owner. The object was to place the title in the husband. The evidence showed the wife to be a woman of weak mind; the transaction was kept concealed from her relatives until the deed was placed on record more than twenty years afterward.

We have nothing of the kind here. The judgment in controversy was confessed by the husband to a brother of his wife, in trust for her use. The consideration for the judgment was a bona fide indebtedness of the husband to the wife for a portion of her separate estate received by him. The judgment was entered in November 1859, and on June 19th 1861, it was satisfied of record by Messrs. Montgomery & Gibson as attorneys for the trustee, and Mary A. Kerr, the cestui que trust. We hear nothing further of this matter for over sixteen years, when upon the death of Mary A. Kerr in 1877, her husband, the present accountant, took out letters of administration upon her estate. When he filed his account as such administrator in 1878, the heirs of Mrs. Kerr filed exceptions thereto, in which they sought to surcharge him with the amount of this judgment with interest. The Auditor rejected the claim, but the court below reversed the Auditor, sustained the exceptions, and surcharged the accountant with the sum of $9,589.45 as of the date of filing his account.

There was not a word of testimony before the Auditor or the court. The only matter placed in evidence was the record of certain judgments against Mr. Kerr, the husband and accountant, in 1859 and 1860, one of which showed his arrest under the Act of 1842, and an agreement by which he bound himself, inter alia, to procure the satisfaction of the judgment in favor of his wife. The judgment was satisfied, as before stated, within the time specified in the agreement, and the other conditions also having been performed, Mr. Kerr appears to have been discharged from the arrest.

From this state of facts the learned judge below drew the conclusion that the satisfaction of the judgment did not show either payment to the wife or her trustee, or a gift by the wife to the husband.

The satisfaction of a judgment is prima facie evidence of payment or a gift. Its legal effect is the extinguishment of the debt. The presumption thus raised cannot be overthrown without proof. In this case there was nothing to overthrow it. There was no attempt to show imposition or fraud upon the wife, nor any of the circumstances connected with the entering of satisfaction. One of the attorneys who entered it is still living and was not called as a witness, and the Auditor reports that it was not shown that Williams, the trustee, was

[Kerr's Appeal.]

either dead or beyond the jurisdiction of the court. No claim was ever made by Mrs. Kerr or her trustee against her husband for the money during her life, although he appears to have been of sufficient ability to restore the lien in its full force and effect, or to pay the money if required. Nor was there any allegation by the wife to any person at any time, that she had been defrauded. The satisfaction was entered by her trustee, who was also her brother, and there is no reason to suppose that he either did or would betray or neglect the interests of his sister. Mrs. Kerr lived in perfect harmony with her husband to the time of her death ; she went down to her grave without expressing any dissatisfaction with this transaction, and it is too late for her children, after her death, to do so.

It may be this money has never been paid. That it was not paid at the time of the satisfaction is at least probable, in view of the financial difficulties of her husband at that time. So far we are in accord with the court below. But we do not agree that there is no presumption of a gift from the wife to the husband. His creditors held him at bay ; he was under arrest and charged with fraud. He was in the position when a noble wife who had the means would be likely to come to his aid. Some women would pawn their jewels to relieve a husband whom they loved. We will not interfere with their power to do so. There is nothing in the Acts of Assembly securing to married women the enjoyment of their separate estates, which prohibits them from assisting their husbands pecuniarily. When the husband obtains the property of his wife by artifice or fraud practiced upon her, we have an entirely different question. But when a married woman's enjoyment of her separate estate consists in assisting her husband, or relieving him when in difficulty, I know of no statute or principle of public policy to prohibit it.

If Mrs. Kerr had made any claim to recover this money or to have the judgment reinstated during her lifetime, there would have been something to rebut the presumption of a gift raised by the satisfaction on the record, and the seventeen years of acquiescence in it by herself and her trustee. As the case stands there is nothing.

> The appeal is sustained, and the decree below so far as it surcharges the accountant with the judgment No. 218 November Term 1859, and interest thereon is reversed and set aside ; the costs of this appeal to be paid by the appellees.

TRUNKEY and STERRETT, JJ., dissented.