46      SUPREME COURT OF WISCONSIN,

Wright vs. The Milwaukee & St. Paul Railway Company.

# WRIGHT VS. THE MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*Railroads : Sale of part of road—Transfer of Indebtedness—Pleading.*

1. The city of Watertown issued its bonds in aid of the Milwaukee & Watertown R. R. Co., which guarantied their payment. Afterward that company became consolidated, in pursuance of law, with the Milwaukee & La Crosse R. R. Co., which subsequently sold the Watertown division of its road (including what had previously been owned by the Milwaukee & Watertown Co.) to a third corporation, which sold it to the defendant. *Held,* that while the guaranty of said bonds became part of the general indebtedness of the Milwaukee & La Crosse Co., after the consolidation, defendant, as purchaser of the Watertown division of its road, is not liable for any part of such indebtedness.

2. An averment that the Milwaukee & La Crosse R. R. Co. sold said division to said third corporation, " with all its depots, shops, rolling stock and *franchises.*" construed, on demurrer, to mean only that the franchise of operating that part of the road that was sold with it.

APPEAL from the Circuit Court of *Jefferson* County. The complaint alleges, in substance, 1. That the city of Watertown in 1853, pursuant to law, executed and delivered to the Milwaukee & Watertown Railroad Company its bonds to the amount of $80,000, in aid of the construction of said railroad ; that the company indorsed upon said bonds its written guaranty of payment of the principal and interest, &c. 2. That the company sold said bonds, and used the proceeds in building their road, and that plaintiff became and is the lawful owner and holder of a certain one of said bonds, with coupons attached. 3. That said Milwaukee & Watertown Railroad Company, by virtue of a certain act of the legislature, consolidated with the La Crosse & Milwaukee Railroad Company, "and all the rights and privileges, immunities and franchises, of said Milwauke & Watertown Railroad Company were merged in the said consolidated company, and the said La Crosse &

Milwaukee Railroad Company became the owner and took possession of the railroad, station-houses, shops and rolling stock, and all the property of the said Milwaukee & Watertown Railroad Company;" and that the Milwaukee & Watertown railroad, after said consolidation, was known as the Watertown division of the La Crosse & Milwaukee railroad. 4. That in December, 1857, the La Crosse & Milwaukee R. R. Co. sold, conveyed and delivered to the Madison, Fond du Lac & Lake Michigan Railroad Company (created by an act of the legislature) the Watertown division of its road, "with all its depots, shops, rolling stock *and franchises;*" and that said last-named company, under various changes of name, continued to operate that road, its name in the early part of 1863 being "The Milwaukee & Western Railroad Company." 5. "That sometime in 1863, said Milwaukee and Western Railroad Company sold and transferred all its railroad, station-houses, shops, rolling stock *and franchises* to the *Milwaukee and St. Paul Railroad Company*, the defendant in this action (a corporation duly organized and existing under the laws of this state); and that said defendant has ever since owned, and now owns, all said station-houses, shops, rolling stock, property *and franchises*, and is operating said road, *under and by virtue of the corporate power and franchise conferred upon the Milwaukee & Watertown Railroad Company*, from the junction in Waukesha county to the city of Watertown." 6. The complaint further alleges, "that at the time the Milwaukee & Watertown Railroad Company was consolidated with the La Crosse & Milwaukee Railroad Company, it transferred all of its property, rights and franchises, of every name and character, to the said last named company, and from that time ceased to have any property, or to exercise any of the powers of a corporation; that the La Crosse & Milwaukee Railroad Company conveyed and transferred all the property,

rights *and franchises*, which it acquired by reason of said consolidation with the Milwaukee & Watertown railroad, to the Madison, Fond du Lac & Lake Michigan Railroad Company, all of which are now owned by the defendant in this action; that the La Crosse & Milwaukee Railroad Company, at the time it sold out the Watertown division of its road; as aforesaid, was and ever since has been insolvent; that its road and franchises and all its property have since been sold upon mortgages then existing upon its road and rolling stock, and defendant acquired a portion of its road and rolling stock upon such sale; that said railroad (*sic*) continued to pay the interest warrants attached to said [Watertown city] bonds, as they became due, up to August 1, 1858; that there is now due upon said bond [in suit] $1,000, and interest at 8 per cent, from August 1, 1858;" and "that said *Milwaukee & St. Paul Railway Company*, by reason of the premises, is indebted to the plaintiff," &c., &c.

A demurrer to the complaint, as not stating a cause of action, was sustained, and plaintiff appealed.

*Enos & Hall*, for appellant:

1. The consolidation of the Milwaukee & Watertown Railroad Company with the La Crosse company operated merely as a transfer of its property and corporate existence to the latter, and not as a *dissolution* of the corporation. Consolidation is not one of the ways by which corporations are dissolved. A. & A. on Corp. 865, 898; 2 Kent's Comm. 305; *Union Canal Co. v. Young*, 1 Whart. 410; *Hopkins v. Swansee Corp.*, 4 Mees. & W. 621. 2. The corporation created under the name of the Milwaukee and Watertown Railroad Company still exists. Its identity does not consist in its name or its members, but in its artificial character, powers and franchises. 2 Mason C. C. 44. 3. The complaint avers that the defendant is now the owner and in possession of all the property, *and all the franchises*, which the La Crosse Company ac-

quired by the consolidation with the Milwaukee and Watertown Company, and is operating said road by virtue of the corporate powers and franchises conferred upon the last-named company. How, then, can defendant, while admitting the allegations of the complaint, truthfully say that it does not possess the corporation created by the name of the Milwaukee and Watertown Railroad Company? In *Vilas v. The M. & P. du Ch. R. W. Co.* (17 Wis. 502), the court say that it was only the *adverse proceedings*, by which the new corporation was created and acquired the property of the old, that severed the debts of the old from the new corporation, clothed with the powers and franchises of the old. In this case there is no such cause to prevent the continuance of the original corporation, with all its liabilities. See, also, *Pfeifer v. S. & F. R. R. Co.*, 18 Wis. 155.

*J. M. Gillet*, for appellant, contended that by the allegations of the complaint it is clear that there has been a perfect merger of the Milwaukee and Watertown Company in the defendant; that there is no longer any such corporation, or any pretended exercise of their corporate powers or franchises, except by defendant; and that defendant, therefore, *is* that company. A railroad company *may* transfer its property *and franchises* to another, as by sale and conveyance, or by mortgage, independently of any special legislative grant of authority. It cannot, indeed, mortgage its "franchise of existence" without an act of the legislature; yet a legislative sanction afterward will carry this franchise as between mortgagor and mortgagee, for the reason that the question can be raised only by the state. 2 Redfield on Railways (3d ed.), 529–531; *Bowman v. Wathen*, 2 McLean, 393; *Treadwell v. Salisbury Manufacturing Co.*, 7 Gray, 393; *B. & L. R. R. v. Metcalfe*, 4 Met. (Ky.) 200; *Bank of Middlebury v. Edgerton*, 30 Vt. 182; *Great Western R. R. v. B. & O. Junction Railway*, 2 Phill. 597 (5 Railway Cases, 241); *Grinnell v. Trustees*.

*etc.*, Pierce on Am. R. R. Law, 512.   By ch. 419, Laws
of 1865, the organization of the defendant company was
ratified, and the rights, powers and franchises of the Mil.
& Western R. R. Co. (which was the successor of the
La Crosse & Mil. Co.) were expressly confirmed in the
defendant.   This act is not pleaded, but the court will
take notice of it, as a public act.   *Wood v. Hustis*, 17
Wis. 419.   To the point that the consolidation of the
Milwaukee & Watertown R. R. Company with the La
Crosse & Mil. R. R. Co. devolved upon the new organi-
zation the liabilities of the former, counsel cited 2 Red-
field on Railways (3d ed.), 654; *Shrewsbury & B. Railway
v. Stour Valley etc., Railway*, 21 Eng. L. & Eq. 628; 24
id. 495; 28 id. 17; 3 Exch. 320; 43 Pa. St. 365; 13 How.
(U. S.) 307; 16 Ind. 172; 6 Railway Cases, 136.

*John W. Cary*, for respondent:

That defendant is in possession of the property, or a
part of the property, once owned by the Milwaukee &
Watertown company, together with the *right or fran-
chise to operate the same*, is admitted.   Such a franchise
may be sold like other property, unless the sale is pro-
hibited by the sovereign power.   This state, by the gen-
eral course of its legislation, has authorized such a
transfer.   Laws of 1856, p. 212; R. S. ch. 79, sec. 22;
charter of La C. & Mil. R. R. Co., Laws of 1852, p. 329,
sec 9; Pr. Laws of 1856, pp. 124, 125.   Where a state
has adopted such general policy, the franchises granted
by it to railroads may be sold and transferred volun-
tarily by the companies.   Opinion of CURTIS in case of
*Sullivan R. R. Co.*, and 2 Redfield on R. R., 579, 580.
They may be sold *in invitum*, by a decree of court.   *R.
R. Co. v. James*, 6 Wallace, 750; *R. R. Cos. v. Cham-
berlain*, id. 748.   The franchises to build and own a rail-
road, and to take tolls thereon, are not necessarily cor-
porate rights, but may be enjoyed by natural persons;
and there is nothing in their nature inconsistent with

their being assignable. *Peter v. Kendall*, 6 B. & C. 703. There was, therefore, no objection to a grant of the franchise as well as. the property, and the fact that the defendant is in possession of the property, and exercising the franchise to own, manage and take the proceeds, has no tendency to show that it is the old Watertown company. The doctrine of *Vilas v. M. & P. du C. R. R. Co.* is, that, whenever there has been a valid and legal sale of a railroad, the purchaser takes it free of all debts of the former company, except such as had been made a previous lien upon the property. The fact that the sale in that case was made under a mortgage does not alter the principle. If the sale was legal, the title passes free of all debts of the vendor, except such as are a lien.

PAINE, J. The plaintiff seeks to compel the defendant to pay certain bonds issued by the town of Watertown in 1853, in aid of the Milwaukee & Watertown railroad. The facts upon which this liability is asserted are, that, after the bonds were issued and their payment guarantied by the Milwaukee & Watertown Railroad Company, that company became consolidated, in pursuance of legislative authority, with the Milwaukee & La Crosse Railroad Company; that the consolidated company subsequently sold what was then known as the Watertown division, which included what had been previously owned by the Milwaukee & Watertown company, to the Madison, Fond du Lac & Lake Michigan Railroad Company, which, after sundry. changes of name, sold the same to the defendant. It may be conceded that, upon the consolidation, the existence of both of the original companies was merged in that of the consolidated company; and that the latter became substituted for each, and liable for its debts. The question then is, whether, upon the sale by the consolidated company of its Watertown division, together with its franchises, the purchaser became liable for any of the

existing debts of the vendor, not constituting any lien upon that part of the road purchased? It is difficult to imagine any solid ground upon which such a liability could be asserted. Of course, a corporation does not, any more than a natural person, by merely changing its name, either lose its existence or extinguish its indebtedness. Neither does it, any more than a natural person, by selling a portion of its property, or even the whole of it, impose upon the purchaser any liability for its general debts. And the latter is all that appears, by the allegations of the complaint, to have been done in this case.

After the alleged consolidation, the appellant's counsel themselves contend that the existence of the Milwaukee & Watertown Railroad Company was merged in that of the newly-created, consolidated Milwaukee & La Crosse Railroad Company. The latter was the only corporate existence remaining. It was composed of, and substituted for, both of the original companies. It had power, by its charter (Laws of 1852, ch. 198, sec. 8), to lease or sell to any other railroad company the whole or any part of its road or branches. After the consolidation, its power to sell under this section was as applicable to that part of the road then called the Watertown division as to any other, and there is no reason to say that a sale of that division, under this section, had any different effect, so far as the liability of the purchaser for its general, unsecured debts was concerned, than would the sale of any other portion of its road. The fact that the particular debt in question may have been created by the company which originally owned the portion sold does not create any such reason. That fact did not preserve the separate existence and identity of such original corporation, nor prevent its complete merger in the new. After such merger, these debts stood, therefore, merely as the general, unsecured personal debts of the consolidated Milwaukee & La Crosse company.

At law they all stood upon the same footing; and the sale of the Watertown division no more rendered the purchaser liable for the debts created by the original Watertown company, than would the sale of the road from Portage to Milwaukee, through Beaver Dam, have rendered the purchaser liable for the debts of the original Milwaukee & La Crosse company. The answer to all such claims is, that the debts were merely the personal debts of the consolidated Milwaukee & La Crosse company, and that this company did not, by selling a part of its road, impose any liability on the purchaser to pay its debts. Indeed, this is so obvious, that the counsel could make no claim to the contrary except by overlooking the obvious nature of the transaction, and assuming that by this sale the existence of the original Milwaukee & Watertown Railroad Company was in some way revived, and transferred to the purchasing company. But there is no ground for such an assumption. According to their own argument, the separate existence of that original company had long before been extinguished by its merger in the consolidated company. And it certainly will not be pretended that the corporate existence of the latter was transferred to the company that purchased its Watertown division. It still remained with its main road extending two hundred miles through the state, and just as liable for all its personal debts as before.

The allegations of the complaint show nothing more than the sale by an existing corporation of a specific portion of its road. It is true the averment is that this part of the line was sold "with all *its* depots, shops, rolling stock and *franchises.*" But the only interpretation of that is, that the franchise of operating that part of the road was sold with it. The distinction between the franchise of constructing and operating a railroad, and the franchise of being a corporation, and of contracting,

suing and being sued as such, is well established, and is referred to by the appellant's counsel. And it seems entirely obvious, that, upon the allegations of this complaint, it was only the former that passed to the purchaser of this road. The franchise to be the Milwaukee & Watertown Railroad Company could not have passed, because it was not then in existence. It had been merged long before in that of the consolidated company. The latter did not sell, nor purport to sell, its franchise of corporate existence, and the purchasing company did not buy, nor desire to buy, any franchise of corporate existence, because it already had that under an independent charter of its own. The transaction was nothing more than what was really contemplated by section 8 of the charter of the Milwaukee & La Crosse Company, before referred to, being a sale, by an existing railroad company, of a portion of its track, with its appurtenances, including the franchise of operating it, to another existing railroad company; both companies retaining precisely the same corporate existence they had before, but one parting with, and the other acquiring, a specific piece of property, with the franchise necessary to its use.

The circuit court properly sustained the demurrer, and the order must be affirmed.

*By the Court.* — Order affirmed.