## Clara S. Blood, Exr., *v.* Crew Levick Company, Appellant.

## Clara S. Blood, Exr., Appellant, *v.* Crew Levick Company.

*Deed—Covenant—Effect of the words " it is hereby agreed."*

The words in a deed, " it is hereby agreed," make of the words that follow a covenant.

*Deed—Mortgage—Covenant—Vendor and vendee.*

One purchasing under and subject to the payment of a mortgage given by his vendor, is a purchaser as between himself and his vendor of the entire estate, and is liable to pay the mortgage as part of the purchase money due from him.

A deed was made " under and subject to the lien " of a mortgage. The deed further provided as follows : " It is hereby agreed between the parties to this instrument that the said party of the second part accepts the title to the foregoing and described pieces and parcels of land and oil rights, subject to the payment of the mortgages herein mentioned ; but does not assume the payment of the various outstanding notes given for the debts secured by said mortgages." *Held* (1) that there was an implied covenant to indemnify arising from the " under and subject to the payment of " clause, and an express covenant in the stipulation beginning with the words "It is hereby agreed " to pay the mortgage debt to the holder of the mortgage ; (2) that an action could be brought in the name of the covenantee to the use of the party entitled to receive the money ; (3) that the grantor having been compelled to pay money on the mortgage he could recover from his grantee the amount thus paid in an action of assumpsit upon the expressed covenant contained in the deed.

*Deed—Mortgage—Leasehold estate—Covenant to pay mortgage.*

Where a vendee takes a leasehold estate subject to the rents and to the lien of a mortgage by a stipulation in the deed, the effect of the stipulation is to make the land primarily liable for the payment of the mortgage money, and to require its value to be fairly applied without objection, and in good faith to that purpose.

The legal import of the " under and subject to the lien of " clause in such a deed is that the vendee will discharge the lien of the incumbrance by payment, or in default thereof that the land shall remain liable therefor, and shall be as between himself and his vendor primarily liable to the extent of its actual value.

If the mortgage money is more than the value of the land the vendor will be liable to his creditor for such surplus and will be without recourse to his vendee for the amount so paid, but if the vendee neglects or refuses

to pay and the holder of the mortgage proceeds upon the bond or otherwise against the mortgagor, the implied covenant to indemnify him to the extent of the value of the land is broken and his vendee is liable to him upon it. The vendor, however, has no right of action against the vendee until he has been forced to pay the mortgage either in whole or in part.

*Vendor and vendee—Mortgage—Covenant—Act of June* 12, 1878, *P. L.* 205.

The act of June 12, 1878, P. L. 205, providing that a grantee of land shall not be personally liable for a mortgage upon the land unless he expressly assumes such liability in writing, does not apply to an action by a vendor against his vendee for the breach of an expressed or implied covenant to pay a mortgage on the land.

Argued May 6, 1895. Appeals, Nos. 65 and 227, Jan. T., 1895, by plaintiff and defendant, from judgment of C. P. Warren Co., June T., 1894, No. 58, for plaintiff, on case stated. Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Case stated in an action of assumpsit. Before NOYES, P. J. The case stated was as follows:

That prior to May 18, 1891, A. R. Blood, the plaintiff's testator, had purchased and was in possession of several estates of freehold and leasehold in certain oil producing lands in Mead township in said county.

That in the purchase of some of said freeholds and leaseholds he had given his negotiable promissory notes for the purchase money which were secured by mortgages on said freehold and leasehold estates respectively.

That upon a certain freehold estate thus purchased by said A. R. Blood from J. P. Bayer and W. E. Rice there remained unpaid by him May 1, 1891, $21,974.86 of the purchase money with interest from September 1, 1890, payable in monthly installments of $520.83, each secured by mortgage upon the property conveyed.

That upon a leasehold estate so purchased from C. W. Scofield by E. J. Lesser for said A. R. Blood there was on May 1, 1891, an unpaid balance of purchase money of $38,750 with interest from October 3, 1889, payable in monthly installments of $1,250 each for which payments the said Blood was personally liable, by reason of his indorsement of the notes given to Scofield by said Lesser to the order of said Blood for the said monthly installments.

That on the 19th day of May, 1891, said A. R. Blood by two deeds conveyed the said freehold and leasehold estates respectively along with others to the defendant company, copies of which deeds are hereto attached marked exhibits "A" and "B" and submitted to the court as part of this case stated.

That in addition to the consideration of one dollar, as stated in each of said two deeds, the defendant gave the said A. R. Blood as a consideration a certain amount of its capital stock.

That said defendant accepted said deeds and entered into and took possession of said lands and from time to time until about the 1st of February, 1892, paid the promissory notes secured by said mortgages as they fell due, but since said last mentioned date has refused to make further payments thereon. That there remains due and unpaid upon the mortgage to P. J. Bayer and W. E. Rice the sum $17,708.22 with interest from September 1, 1890, and there remains due and unpaid upon the mortgage to C. W. Scofield the sum of $6,650 with interest from October 3, 1889.

That at the time the said property was conveyed by the said P. J. Bayer and W. E. Rice, to the said A. R. Blood, the said A. R. Blood executed upon the same a mortgage in the sum of $25,000 to secure notes of that amount made by said A. R. Blood.

Under proceedings on the said mortgage the said premises were sold at sheriff's sale, subsequently to the conveyance, to the defendant. That the plaintiff on the 1st of February, 1894, settled the said claim of P. J. Bayer and W. E. Rice, by giving them in payment of their claim against said estate fifty shares of the capital stock of the defendant of the par value of five thousand dollars, and the notes of A. R. Blood to them, secured by said mortgage, have been given to plaintiff.

That the plaintiff has not yet paid or settled for the claim of C. W. Scofield for $6,650. That the said A. R. Blood died December 1, 1891, insolvent, and said Scofield is insolvent and indebted to the estate of the said A. R. Blood to an amount exceeding $6,650.

If the court should be of the opinion upon the facts submitted that the plaintiff is entitled to recover from the defendant the entire balance remaining due and unpaid upon the mortgage to Bayer and Rice, then judgment to be entered in favor

of the plaintiff for $17,708.22, with interest from September 1, 1890, and if the plaintiff is only entitled to recover amount paid by her to Bayer and Rice, in settlement of their claim, the judgment to be entered for the plaintiff in the sum of $2,500 with interest from February 1, 1894.

And if the plaintiff is entitled to recover the amount remaining due and unpaid upon the mortgage to C. W. Scofield, then judgment to be entered in favor of the plaintiff for $6,650 with interest from October 3, 1889; but if the plaintiff is not entitled to recover on any of the above stated grounds, then judgment for defendant, costs to follow judgment. And either party entitled to appeal to the Supreme Court.

The clauses in above deeds " A " and " B " in which plaintiff seeks to recover will be found set out fully in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500. Plaintiff and defendant appealed.

*Error assigned* by plaintiff was in not directing judgment to be entered in favor of the plaintiff for the aggregate sum of both claims, $17,708.22 with interest from September 1, 1890, and $6,650 with interest from October 3, 1889.

*Error assigned* by defendant was in entering judgment for $2,500.

*Samuel T. Neill,* for *Clara S. Blood,* executrix.—The clause " under and subject nevertheless to the lien of a mortgage " in the habendum of the freehold deed is not only a covenant of indemnity by the grantee to the grantor, but contains also an implied covenant to pay the mortgage debt: Green v. Rick, 121 Pa. 130; Merriman v. Moore, 90 Pa. 78; Locke v. Homer, 131 Mass. 106; Pike v. Brown, 7 Cush. 133; Burke v. Gummey, 49 Pa. 519; Taylor v. Preston, 79 Pa. 436; Hirst's App., 92 Pa. 491; Keller v. Ashford, 133 U. S. 610; McCracken's Est., 29 Pa. 426; Rice v. Sanders, 152 Mass. 108; Burnett v. Lynch, 2 Barn. & C. 589; Steward v. Walbridge, 9 Bing. 60; Taylor on Land. and Ten. 147; Sugden on Vendors, 72; Walker v. Physick, 5 Pa. 193; Academy of Music v. Smith,

54 Pa. 130; Port v. Jackson, 17 Johns. 239; Ardesco Oil Co. v. N. A. Mining Co., 66 Pa. 375; Trevor v. Perkins, 5 Whart. 244; Kearney v. Tanner, 17 S. & R. 94.

The defendant is liable to the plaintiff in this suit for the entire amount of the mortgage debts named in said deeds which she has paid or caused to be paid and extinguished: Boston v. Brown, 43 Fed. Rep. 834; Stayton v. Riddle, 114 Pa. 464.

By a bill in equity, the plaintiff could have compelled the defendant to protect the estate of her testator against the payment of the mortgage debt of Bayer and Rice as well as that of Schofield: Kelley v. Walden, 5 Phila. 446; Heritage v. Bartlett, 8 W. N. C. 26.

The clause in the deed of May 19, 1891, in the following words: " It is hereby agreed between the parties to this instrument, that the said party of the second part accepts the title to the foregoing and described pieces or parcels of land and oil rights, subject to the payment of the mortgages hereinabove mentioned," contains an express covenant on part of grantee to the grantor to pay the amount of the mortgage debts therein mentioned: Bowen v. Beck, 96 N. Y. 86; 1 Beach Eq. sec. 455; Blank v. German, 5 W. S. 36; Schley v. Fryer, 100 N. Y. 71; Sparkman v. Gove, 44 N. J. 252; Braman v. Dowse, 12 Cush. 227; Drury v. Tremont Imp. Co., 13 Allen, 168; Trinity Church v. Higgins, 48 N. Y. 532; Ardesco Oil Co. v. N. A. Mining Co., 66 Pa. 375; Freeman v. Auld, 44 N. Y. 50.

The defendant is not released from liability on the mortgage debts by the proviso exempting it from liability upon the outstanding notes: 1 Addison on Cont. sec. 225.

The deed having been accepted and the land taken possession of, the only question for this court to determine is what value did the parties put upon the land. The legal presumption, as held by this court in Blank v. German, 5 W. & S. 36; Burke v. Gummey, 48 Pa. 518, and Metzgar's App., 71 Pa. 330, is that the mortgage debt is taken out of the consideration of the land.

There is no necessity that a promise by the grantee to pay the purchase money of land should be in writing more than one to pay for personalty: Tripp v. Bishop, 56 Pa. 424; Baum v. Tonkin, 110 Pa. 569; Tonkin v. Baum, 114 Pa. 414.

No precise form of words is necessary to constitute a cove-

nant : 1 Add. on Cont. sec. 277 ; Taylor on Land. and Tenant, sec. 252 ; Campbell v. Shrum, 3 Watts, 70.

*Allen & Sons* and *Theodore F. Jenkins,* for the Crew Levick Company.—The utmost that could be implied at any time from the words " under and subject to the payment " of a mortgage " was a covenant of indemnity only for the protection of a vendor : " Moore's App., 88 Pa. 450 ; Samuel v. Peyton, 88 Pa. 465 ; Davis's App., 89 Pa. 272 ; Hirst's App., 92 Pa. 491 ; Taylor v. Mayer, 93 Pa. 42 ; act of June 12, 1878, P. L. 205 ; Rohn v. Odenwelder, 162 Pa. 346.

The words " under and subject " to certain incumbrances never were held to create more than a contract of indemnity : Moore's App., 88 Pa. 450.

No implied covenant of indemnity could be raised from the deeds : Samuel v. Peyton, 88 Pa. 465.

The deeds were executed May 18, 1891, since the act of June 12, 1878, P. L. 205 ; 2 Br. Pr. Dig. 1837, P. L. 39, and therefore no covenant can be implied from the words " under and subject to the payment of."

OPINION BY Mr. JUSTICE WILLIAMS, October 7, 1895 :

These appeals may be most readily considered together as they are from the same judgment. The action was assumpsit. The plaintiff's right to recover depended on the following facts and circumstances which appear in a case stated filed in the court below. The plaintiff is the widow and executrix of A. R. Blood, deceased. Prior to the 18th day of May, 1891, Blood was the owner of certain oil properties situated in Mead township, Warren county. On that day he sold these properties in two blocks. Of the several properties included in one of these blocks he was the freehold owner. Of those included in the other block he was a lessee. In the purchase of the several pieces that made up these blocks he had undertaken to pay the purchase money in installments running over considerable time. He had given to his vendors his promissory notes for these installments, and secured each batch of notes by a mortgage on the property purchased conditioned for the payment of the notes that represented the purchase money. The freehold estates or some of them had been purchased from Bayer and Rice, who

held a mortgage upon the lands sold by them, covering and securing the notes given to them by Blood for the purchase money. The leasehold estates were bought from Scofield who held notes secured by a mortgage for the unpaid purchase money due to him. The deed made by Blood to the defendants for the property held by him in fee was made "under and subject to the lien" of the mortgages for the unpaid purchase money due from Blood to his vendors. But to settle all question about the duty of the purchasers the following stipulation was also incorporated into the deed. "It is hereby agreed between the parties to this instrument that the said party of the second part accepts the title to the foregoing and described pieces and parcels of land, and oil rights, subject to the payment of the mortgages herein above mentioned; but does not assume the payment of the various outstanding notes given for the debts secured by said mortgages." It is well settled that the words, "It is hereby agreed" make of the words that follow a covenant. This stipulation is therefore a covenant to pay to the mortgagees the amount due upon the mortgages referred to, followed by a provision that the covenant shall not impose upon the purchasers the duty of hunting up the notes and paying the same to the holders, but that payment to the holder of the mortgage should discharge their obligation. We have then both an implied covenant to indemnify arising from the "under and subject to the lien of" clause, and an express covenant in the stipulation beginning with the words, "It is hereby agreed" to pay the mortgage debt to the holder of the mortgage. We can see no reason why an action in the name of the covenantee might not have been brought upon it to the use of the party entitled to receive the money: Ardesco Oil Company v. North American Oil Company, 66 Pa. 375; Taylor et al. v. Preston, 79 Pa. 436; Merriman v. Moore, 90 Pa. 78.

The purchaser did not keep his covenant. The plaintiff has for that reason been compelled to pay money upon a mortgage which it was the duty of the purchasers to pay under an express covenant with him. To the extent of such payment it is very clear that the plaintiff is entitled to recover in this action. The general rule is that one purchasing under and subject to the lien of a mortgage given by his vendor is a purchaser as between himself and his vendor of the entire estate, and is

liable to pay the mortgage as part of the purchase money due from him. Thereafter the relation of his vendor to the mortgage is not that of primary debtor, but of surety, the vendee becoming primarily liable therefor. The holder of the mortgage is not bound by an arrangement to which he is not a party, and he may therefore pursue the mortgagor if he chooses; but in that event the mortgagor is entitled to subrogation or he may proceed on the covenant of indemnity which the "under and subject to the payment of" clause implies. We must therefore overrule the assignments of error filed on behalf of the defendants below and affirm the judgment so far as their appeal is concerned. The general principles applicable to the question involved will be found to be well stated in several cases, among which are Kearney v. Tanner, 17 S. & R. 94; Campbell v. Shrum, 3 Watts, 60; Burke v. Gummey, 49 Pa. 518; Metzgar's Appeal, 71 Pa. 330.

A question of more difficulty is presented by the appeal of the plaintiff. The deed for the leasehold estates was made "subject nevertheless to all the terms and conditions of the said leases, . . . . and under and subject nevertheless . . . . as to the premises twelfth, thirteenth and fourteenth above described to the lien of a mortgage given by E. J. Lesser to C. W. Scofield dated Oct. 3, 1889 . . . . upon which there remains unpaid at this date the sum of thirty-eight thousand seven hundred and fifty dollars with interest thereon from Oct. 3, 1889." This was not understood by the parties to be a sale of the equity of redemption alone but of the whole estate, the purchaser assuming to pay as part of the purchase money due to his vendor the entire sum stated to be due upon the mortgage to the holder thereof. The vendee was to take the property cum onere and to perform the covenants, and pay the incumbrances, made and suffered by his vendor. This the law would require from him: Sugden on Vendors, 304. It is a principle of equity that one who obtains possession of a leasehold and of the income derived therefrom, by means of an assignment or other conveyance, must indemnify his vendor against the payment of rent, at least so long as he continues to hold the estate. Walker v. Physick, 5 Pa. 193; Academy of Music v. Smith, 54 Pa. 130; and this notwithstanding that the conveyance may be silent on the subject. Here however the vendees

take the estate subject to the rents, and to the lien of the mortgage, by a stipulation in the conveyance under which they acquire title.

The effect of this stipulation was to make the land primarily liable for the payment of the mortgage money and to require its value to be fairly applied, without objection, and in good faith to that purpose. A collusive sale, or other trick, or artifice, by which it is sought to take the land out from under the lien of the mortgage to the disadvantage of the vendor is a fraud upon him which a court of equity will correct. The legal import of the "under and subject to the lien of" clause is that the vendee will discharge the lien of the incumbrance by payment, or in default thereof that the land shall remain liable therefor and shall be, as between himself and his vendor, primarily liable to the extent of its actual value. If the mortgage money is more than the value of the land the vendor will be liable to his creditor for such surplus and will be without recourse to his vendee for the amount so paid; but if the vendee neglects or refuses to pay and the holder of the mortgage proceeds upon the bond or otherwise against the mortgagor, the implied covenant to indemnify him to the extent of the value of the land is broken and his vendee is liable to him upon it. As between themselves, as we have already stated, the land in the hands of the vendee is primarily liable, and up to the amount of its value the vendor is in the position of a surety and is entitled to subrogation to the rights of his creditor in order to enable him to reach the mortgaged premises; or he may avail himself of the implied covenant to indemnify him that grows out of the "under and subject to the lien of" clause. But the mere fact that he is liable as surety is not enough to support an action against his vendee, for by the terms of his conveyance he assumed the inconveniences to which that relation may subject him. He may however require the mortgagee to proceed upon the mortgage in the same manner that a surety may do in other cases, and collect the debt out of the land bound by it. If the notice is disregarded and the debt, or any portion of it, collected from the mortgagor, he may be subrogated to the rights of the creditor as any other surety might be, for it is against equity that the vendee should be permitted to retain the land and escape the burden he had impliedly assumed at the time of the

purchase.   But in this case, as we understand the facts, the mortgagor has not as yet paid any portion of the mortgage. The case stated informs us that Scofield was indebted to Blood at the time of his death in an amount greater than the mortgage debt.   The inference sought to be drawn from this fact is that when the plaintiff attempts to collect the debt due from Scofield to her husband's estate, he will seek to set off the amount of the mortgage debt upon it, instead of proceeding against the premises in the hands of his vendees.   But this has not yet been done.   It is by no means certain that it will be.   The land has not been withdrawn from the reach of the holder of the mortgage, so far as the case stated informs us, nor has the vendor, the surety, been compelled to pay any portion of the mortgage debt.   It is not easy to see therefore how he is entitled to proceed against his vendee either upon the implied covenant, or upon his rights as surety for the mortgage debt.

The learned judge reached a correct conclusion as to the right of the plaintiff to recover for this part of her claim although we cannot concur in all the views expressed by him.   Upon the whole case we hold as follows :

First.   That the express covenant in the deed for the freehold estates is not identical with that which is implied from the " under and subject to the lien of " clause.   It goes much farther.   It is an express covenant to pay.

·Second.   The plaintiff's right to recover as to this part of her claim may safely rest on the implied covenant growing out of the " under and subject to the payment of " clause, or upon the express covenant introduced by the words " It is hereby agreed between the parties to this instrument."

Third.   As to the amount still due and unpaid on the mortgages on the freehold estates, the plaintiff cannot recover to her own use until she has been compelled to make payment and then only to the extent of the payments actually made.   An action might be maintained by the holder of the mortgage in the name of the covenantee, for his use, upon the express covenant to pay contained in the deed ; and I see no reason why an action might not be brought by the covenantee to recover damages sustained by reason of the breach.

Fourth.   As to the mortgage on the leaseholds the vendor took no express covenant, and must depend on that which the

law implies from the " under and subject to the lien of " clause. The effect of the implied covenant is to make the land primarily liable for the mortgage debt, the vendor becoming as between himself and his vendee a surety for the sufficiency of the land bound to provide for the payment of the mortgage. The vendee undertakes on the other hand that the land shall remain liable to seizure and sale for the payment of the mortgage debt, and that he will do no act that shall tend to withdraw it from the reach of the creditor or prevent the fair application of its full value to the debt if that should be necessary to its payment.

Fifth. The act of 1878 plays no part in this case.

The action is not brought by the holder of the mortgage to assert a personal liability against the vendee, and for that reason the act does not apply : Lennox v. Brower, 160 Pa. 191. But so far as the mortgage on the freehold estates is concerned it is an action by the vendor against his vendee upon an express covenant.

So far as the mortgage on the leaseholds is concerned it is upon an implied covenant. The trouble does not grow out of the act of 1878, but out of the fact that as to the mortgage on the leaseholds the implied covenant does not seem to have been broken.

The facts contained in the case stated are not as full as might be desired, but they do not show that the plaintiff has been compelled to pay the leasehold mortgage or any part of it, either in money or by an application of it to the extinguishment of any demand due to the estate of her deceased husband, nor that the land has been withdrawn from the reach of the holder of the mortgage.

For these reasons the judgment must be affirmed.