## Sloan, Appellant, *v.* Klein.

*Constitutional law—Title of act—Mortgage—Deed—Liability of grantee—Act of June 12, 1878, P. L. 205.*

1. The Act of June 12, 1878, P. L. 205, entitled "An Act to define the liability of grantees of real estate for the incumbrances thereon," is sufficiently comprehensive in its title to cover both the first and second sections of the act, and does not violate art. III, sec. 3 of the constitution of Pennsylvania.

2. Where an owner of land creates two mortgages thereon and then conveys the property subject to the mortgages, the grantee covenanting in the deed itself to assume and pay the mortgages as a part of the consideration, and thereafter the grantee conveys the land to another person without expressly assuming any continuing liability to pay the mortgages, such grantee is not liable to the mortgagor for payment of the mortgages.

Argued Oct. 25, 1910. Appeal, No. 84, Oct. T., 1910, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1909, No. 1,006, discharging rule for judgment for want of a sufficient affidavit of defense in case of William L. Sloan v. Adolph Klein. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover the amount of a mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*A. E. Sloan,* for appellant.—The act of 1878 does not pretend to limit actions based upon agreements in writ-

ing, or express words in the conveyance to "assume and agree to pay" incumbrances, and hence does not apply to the case at bar: Campbell v. Shrum, 3 Watts, 60; Woodward's App., 38 Pa. 322; Crooks v. Douglass, 56 Pa. 51; Blood v. Crew Levick Co., 171 Pa. 328; Blood v. Crew Levick Co., 177 Pa. 606; Merriman v. Moore, 90 Pa. 78.

The title of the act is in violation of art. III, sec. 3 of the constitution of Pennsylvania: Hoff's App., 24 Pa. 200; Cook v. Berry, 193 Pa. 377; Mount Joy Borough v. Lancaster, etc., Co., 182 Pa. 581; Com. v. Samuels, 163 Pa. 283; Road in Phœnixville, 109 Pa. 44; Com. v. Hazen, 207 Pa. 52; Stegmaier v. Jones, 203 Pa. 47; Dailey v. Potter, 203 Pa. 593; Union Passenger Rys. Co.'s App., 81* Pa. 91.

*J. M. Shields*, for appellee, cited: Com. v. Jones, 4 Pa. Superior Ct. 362; Fredericks v. Canal Co., 109 Pa. 50; Com. v. Ry. Co., 219 Pa. 11; Allegheny County Home's App., 77 Pa. 77; Gilbert's Est., 227 Pa. 648; Powell v. Com., 114 Pa. 265; Com. v. Hazen, 20 Pa. Superior Ct. 487.

OPINION BY MR. JUSTICE POTTER, January 3, 1911:

This is an appeal from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense. Plaintiff averred that one Jacob Tannenbaum created two mortgages upon a certain property, one for $7,000 and one for $3,000, and then sold the property subject to the mortgages, to the defendant, Adolph Klein; "both of which mortgages," it was stated in the deed of conveyance, "the said Adolph Klein, by the acceptance of this deed assumes and agrees to pay, as part of the aforesaid consideration." Afterwards Klein sold the property incumbered by the mortgages to one Jacobson, and at the time did not expressly assume any continuing liability to pay the mortgages. The plaintiff in this case, W. L. Sloan, was the original holder of the $3,000 mort-

gage, and he afterwards purchased the other $7,000 mortgage, which was the first lien upon the property. This mortgage he proceeded to foreclose, and the property was sold at sheriff's sale to the defendant Adolph Klein. The purchase money was sufficient to pay only the first mortgage, with interest, costs and taxes, and nothing was left for distribution on account of the second mortgage. Sloan then brought this action of assumpsit, alleging that by virtue of the clause in the deed from Tannenbaum to him, the defendant, Adolph Klein, had covenanted and agreed with the plaintiff to pay to him the said $3,000 mortgage, and become personally liable to him for the amount. It will be remembered that Sloan was not the grantor in the deed, and that Klein, the grantee, did not make the agreement, to pay the mortgages, with Sloan, but made it with Tannenbaum. The latter is not making any claim under the agreement.

The decision of the court below sustaining the sufficiency of the affidavit of defense was based mainly upon the provisions of the Act of June 12, 1878, P. L. 205, and the principal question arising in this appeal is whether or not Klein is protected under the provisions of that act, from the personal liability sought to be enforced against him. The title of the act is, "An act to define the liability of grantees of real estate for the incumbrances thereon." The first section provides that a grantee of real estate, which is subject to ground rent, mortgage or other incumbrances shall not become personally liable therefor, unless he shall have expressly assumed such liability in writing or there shall have been express words in the grant, stating that it is made on condition of the grantee assuming such liability, and that the use of the words "under and subject to" in the grant shall not alone be so construed as to impose personal liability on the grantee. The second section reads: "The right to enforce such personal liability shall not inure to any person other than the person with whom such an agreement is made, nor shall such personal liability continue after the said

grantee has bona fide parted with the incumbered property, unless he shall have expressly assumed such continuing liability."

Counsel for appellant contends that the subject-matter of the second section is not clearly expressed in the title, and for that reason the section is unconstitutional. He admits that the first section is clearly expressed in the title, for it defines the liability of grantees; but he suggests that the second section limits the right of action or means of recovery on the liability defined in the first section. The suggestion seems to us to be without force. Both sections relate to and define the liability of the grantee, and they are entirely consistent. The first section provides that the grantee shall not be liable except under the conditions stated. The second section provides that he shall not be liable except to the person with whom the agreement referred to in the first section is made, and that his personal liability shall not continue after a certain time, that is, "after the said grantee has bona fide parted with the incumbered property, unless he shall have expressly assumed such continuing liability."

In Bridgewater Boro. v. Bridge Co., 210 Pa. 105, our Brother Brown said (p. 108): "If the title fairly gave notice of the subject of the act, so as to reasonably direct inquiry into its body, the constitutional requirement was not violated: State Line & Juniata R. R. Co.'s App., 77 Pa. 429; Carothers v. Phila. Co., 118 Pa. 468; Dailey v. Potter County, 203 Pa. 593." In Com. v. Kebort, 212 Pa. 289, Chief Justice Mitchell said (p. 291): "The object of the constitutional requirement as to the title is 'that legislators and others interested shall receive direct notice, in immediate connection with the act itself, of its subject so that they may know or be put upon inquiry as to its provisions and their effect:' Com. ex rel. v. Samuels, 163 Pa. 283." In Gilbert's Est., 227 Pa. 648, our Brother Elkin said (p. 650): "It has been decided over and over again that the title need not be a general index to the contents of an act, but that it is sufficient if it re-

lates to one general subject, no matter how the details may be multiplied, provided they are subordinate to the general purpose of the act and germane to its provision."

Under these principles, all doubt as to the sufficiency of the title to clearly express the subject of the act in question, must disappear. In the present case the agreement to assume and pay the mortgages was made by the defendant, with Jacob Tannenbaum, the grantor in the deed, to which instrument the plaintiff was not a party. As noted above, the second section of the act of 1878 restricts the liability of the grantee to "the person with whom such an agreement was made." Certainly the plaintiff in this case was not this person.

The defendant also avers that he "bona fide parted with the property incumbered by said mortgage by sale thereof to Solomon Jacobson, by deed dated, etc., . . . . and that he did not expressly assume any continuing liability at that time, and has not since done so." This averment if sustained at the trial, will, under the provisions of the act, be sufficient to acquit the defendant of liability as charged. The case of Cook v. Berry, 193 Pa. 377, cited by counsel for appellant, is not authority for the construction of the act of June 12, 1878, as that statute does not seem to have been referred to, or brought to the attention of the court, nor was it considered in the opinion of the court below or in that of this court, in that case.

The assignments of error are overruled, and the order discharging the rule is affirmed.