Bean *v.* Cement National Bank of Siegfried,
Appellant.

Argued December 12, 1938.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
RHODES, JJ.

*Harold A. Butz*, of *Butz, Steckel & Rupp*, with him *E. C. Nagle*, for appellant.

*Harry C. Cope*, for appellee.

OPINION BY BALDRIGE, J., January 31, 1939:

In this equitable action of ejectment, the plaintiff claims that as grantor in a deed, by which his immediate grantee took title to real estate "under and subject" to certain liens, including a judgment, he is entitled to recover against the defendant, a subsequent grantee, a balance due on the purchase price because the defendant obtained a settlement and satisfaction of the judgment lien for a sum less than was actually due.

The evidence adduced at the trial shows that plaintiff had owned a certain hotel property located in the borough of Slatington, Lehigh County, known as the "Bittner House." He purchased from the Lipkin Furniture Company, hereinafter referred to as Lipkin Company, certain furniture for the hotel and executed a lease agreement therefor, under which the seller later confessed a judgment against the plaintiff, in the total sum of $3,937.96. An execution was issued thereon, which was later stayed, and an agreement was entered into between Lipkin Company and Bean, the appellee, to adjust their differences, whereby the former agreed to give a new lease of the furniture to Adam P. Kaiser and Elizabeth Kaiser, his wife, who had leased this hotel property. Bean agreed therein to pay the costs of the execution and attorney's fees, aggregating $250. On the same day the Kaisers paid Lipkin Company $800 cash on account of the balance due on the furniture, and they were to make all future payments as they became due. The judgment against Bean was to be re-

tained as security for the fulfillment of their obligations to Lipkin Company.

The plaintiff, on January 3, 1930, conveyed the hotel premises to Anna Richter, the deed reciting that it was "under and subject" to two mortgages and also "to the payment of a certain lease or judgment note in the amount of $3937.96 without the payment of any interest thereon." It is only with the judgment that we are concerned.

By four mesne conveyances, none of which made any express reference to the judgment in question, title to this property became vested in the defendant.

On August 12, 1933, the date the judgment was satisfied, there was due Lipkin Company the sum of $1,835, the Kaisers having paid, in addition to the $800, the sum of $583.01 under the lease agreement. Defendant, pursuant to an agreement it had with Lipkin Company, paid $600 in full settlement and satisfaction of its claim, and the judgment was satisfied. The satisfaction was prima facie evidence of payment and the legal effect thereof was that the judgment was extinguished: *Kerr's Appeal*, 104 Pa. 282; *Seiple v. Seiple*, 133 Pa. 460, 19 A. 406. The plaintiff failed to show that he was under any liability to Lipkin Company; quite to the contrary, the uncontradicted testimony was that that company had accepted the payment in full discharge of its claim.

The court below in its first opinion held that as plaintiff had suffered no loss and as no further liability existed against him, there was no basis for a conditional verdict in his favor, and therefore entered a judgment for defendant. Exceptions were filed thereto by the plaintiff and, after an argument, the court, sustaining in part the exceptions, stated:

"In this action we are not concerned with Lipkin's appropriation of this $600, either in payment of the furniture or in settlement of the account, for Defendant's credit against any claim on Plaintiff's part arising out of its assumption of the Lipkin judgment is to be

measured, not by the amount it actually paid, but by the extent to which it held plaintiff harmless. That amount was $1835. In the compromise for less, Lipkin and not Plaintiff was the loser: Defendant and not Plaintiff, the gainer.

"We are still confronted with the $583.01 assumed by the Defendant through its predecessors in title and paid by Plaintiff's lessee. Clearly, Plaintiff has a claim for this amount."

Accordingly, a verdict was entered for the plaintiff, "to be released, however, on the payment by the defendant to the plaintiff within ninety days hereafter, of the sum of $583.01, with interest from March 12, 1935." The court does not disclose by what reasoning it determined the amount of the conditional verdict. It is quite evident that it was based upon the amount paid by the Kaisers, which, in effect, was really for the benefit of the plaintiff.

The plaintiff did not appeal from the judgment entered, but in his argument he expressed his dissatisfaction with the court's action, and claimed that he was entitled to recover the face amount of the judgment note, less the actual amount paid thereon; that, in any event, the court should have added to the $583.01 the sum of $250, costs and counsel fees, that plaintiff obligated himself to pay Lipkin Company, which was deducted from the payment of $800 made by the Richters, leaving a credit on account of the furniture of $550.

We have no difficulty in concluding from the undisputed factual situation that plaintiff is not entitled to recover anything in this action. The legal effect of the words "under and subject" in a conveyance has been frequently and uniformly construed as a covenant of indemnity for the protection of the grantor. The grantee takes the land subject to the encumbrance, the amount of which is deducted from the purchase price. As between a grantor and grantee, the latter makes the debt his own and is primarily liable therefor. An essential

prerequisite to a recovery under such a covenant by the grantor is proof of loss, as "the indemnity is against *loss* by reason of liability and not by reason of mere liability": *Ellsworth et ux. v. Husband,* 119 Pa. Superior Ct. 245, 250, 181 A. 90.

In *Faulkner v. McHenry,* 235 Pa. 298, 83 A. 827, a mortgagee, after foreclosure, entered a deficiency judgment on the bond against the administrator of the estate of the mortgagor-grantor. The grantor's administrator sued the grantee who had taken the property "under and subject" to the mortgage for the deficiency, on the theory, as in the present case, that by taking under and subject to the encumbrance, the grantee had impliedly agreed to pay it as a part of the purchase price. Chief Justice FELL, speaking for the court, made it clear that the grantee's covenant in such case is one of indemnity against loss only, and not indemnity against liability. In pointing out that plaintiff could not recover because he had shown no loss, he stated (p. 301) : "The words 'under and subject' in a conveyance, import that the grantee takes the land subject to an encumbrance, the amount of which has been deducted from the agreed price, and the covenant to be inferred from it is that of indemnity for the protection of the grantor: *Moore's Appeal,* 88 Pa. 450; *Merriman v. Moore,* 90 Pa. 78; *May's Estate,* 218 Pa. 64 [67 A. 120]. This is the doctrine of all our cases on the subject. The contract on which this action was brought being one of indemnity to the grantor, a recovery could not be had without proof of loss."

The Faulkner case was quoted and the distinction between indemnity against loss and indemnity against liability was exhaustively discussed in *Fair Oaks B. & L. Assn. v. Kahler,* 320 Pa. 245, 181 A. 779. See also, *Ruzyc et ux. to use v. Brown et ux.,* 320 Pa. 213, 181 A. 783.

While as stated in *Blood, Exr. v. Crew Levick Co.,* 171 Pa. 328, 334, 33 A. 344, the prevailing

rule is that a vendee under and subject to the lien of a mortgage given by the vendor is a purchaser as between himself and his vendor of the entire estate, and is liable to pay the mortgage as part of the purchase price due from him. "Thereafter the relation of his vendor to the mortgage is not that of primary debtor, but of surety, the vendee becoming primarily liable therefor." The covenant, however, is one of indemnity against loss as stated in the cases we have cited.

In *Greenspan v. Margolis,* 70 Pa. Superior Ct. 373, 376, Judge PORTER, speaking of the "under and subject" clause in a deed, stated: "This is not a covenant that the grantee will be personally liable for the debt, nor is it a covenant that he will indemnify the grantor against liability, but it is a covenant that the grantee will indemnify the grantor against loss by reason of the existence of the encumbrance: *Tritten's Est.,* 238 Pa. 555, [86 A. 461]."

In *Britton v. Roth,* 313 Pa. 352, 356, 169 A. 146, it was held that the grantee's liability under and subject to an encumbrance covenant is predicated upon a payment in good faith by the grantor in relief of the mortgage debt.

Cases cited by the appellee support the familiar principle that satisfaction of a mortgage or judgment of record is not conclusive on the question of payment where equity demands that the debt be kept alive for the benefit of the paying surety, but they are not analogous or applicable to the case in hand. None of them hold that a recovery could be had under a situation similar to the one before us.

The facts in this case clearly indicate that the plaintiff was primarily interested in relieving himself of all liability to Lipkin Company; that was accomplished. It made no material difference to him whether his debt was paid by the Kaisers or by his grantee.

Having failed to show any loss by reason of defendant's settlement and satisfaction of the Lipkin Company

judgment for less than the amount owing thereon, plaintiff cannot recover in the present action.

Judgment of the court below is reversed, and judgment entered for defendant.