Steinert *v.* Galasso, Appellant.

Argued November 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Thomas L. Kane,* with him *John M. Gallagher,* for appellant.

*Benjamin Jacobson,* with him *Morris B. Greenberg,* for appellee.

OPINION BY RENO, J., January 14, 1949:

Defendant has appealed from a judgment entered against him in an action of assumpsit upon plaintiff's demurrer to defendant's answer to the complaint.[1]

---

[1] Previously a demurrer by defendant to plaintiff's complaint had been dismissed.

The facts have been abstracted from the complaint and answer. On October 6, 1928, plaintiff conveyed real estate to Robert Wasyl, and for part of the consideration took a mortgage upon the premises payable 3 years from that date for $3200, afterwards reduced by Wasyl's payments to $1700. On March 22, 1937, Wasyl conveyed the property to appellant by a deed containing the following: "This conveyance is subject to a mortgage in the sum of Seventeen Hundred ($1700.00) Dollars, held by Helen A. Steinert, which mortgage the grantee assumes and agrees to pay." Defendant paid interest semi-annually upon the balance due upon the mortgage up to January 20, 1945.

Defendant conveyed the property to Maurice Murphy on April 28, 1945, by a deed which contained the provisions: ". . . also subject to all encumbrances . . . including Mortgages, all of which the Grantee, Maurice Murphy, hereby assumes and agrees to pay when due and payable. . . ." No action has been instituted against Murphy, and the mortgage has not been foreclosed.

Robert Wasyl died August 16, 1939, and no letters testamentary or of administration have been issued for the settlement of his estate.

Appellee claims as the creditor beneficiary of appellant's promise to Wasyl to pay her mortgage. Appellant, relying upon the Act of June 12, 1878, P. L. 205, §§ 1, 2, 21 PS §§ 655, 656,[2] and early cases,[3] contends that his

---

[2] Compendiously stated, the Act of 1878, supra, provides (§ 1) that the grantee of real estate subject to a mortgage is not personally liable for its payment unless he expressly assumes personal liability; that the words "under and subject to" without more are not to be construed as such an assumption; and that (§ 2) the right to enforce the personal liability shall not enure to any person other than the grantor, or continue after the grantee has bona fide conveyed the property, unless otherwise expressly agreed.

[3] Among the cases cited by appellant are: *Tritten's Est.*, 238 Pa. 555, 86 A. 461; *May's Est.*, 218 Pa. 64, 67 A. 120; *Faulkner v. McHenry*, 235 Pa. 298, 83 A. 827; *Bean v. Cement National Bank*, 134 Pa.

promise to assume and pay the mortgage (a) is an indemnity against loss only and no loss has occurred; (b) was extinguished by his conveyance to Murphy; and (c) is enforceable only by his grantor Wasyl, or by appellee in a use action.

I. The implied covenant resulting from taking a conveyance "under and subject to" an existing mortgage is to indemnify the grantor against loss. But where the grantee expressly assumes and agrees to pay the mortgage, his obligation is to indemnify against liability, and a right of action accrues when the debt matures. *Ruzyc v. Brown*, 320 Pa. 213, 181 A. 783, and 327 Pa. 61, 192 A. 876; *Fair Oaks B. & L. Assn. v. Kahler*, 320 Pa. 245, 181 A. 779; *Frey v. United Traction Co.*, 320 Pa. 196, 181 A. 775.

II. The mortgage which appellant assumed and agreed to pay was part of the consideration for the conveyance to him. The promise imposed upon appellant a continuing obligation to pay the mortgage, and it was not extinguished by his conveyance to another. *Kirker v. Wylie*, 207 Pa. 511, 56 A. 1074; *Nedwidek v. Larson*, 119 Pa. Superior Ct. 198, 180 A. 722; *Greenspan v. Margolis*, 70 Pa. Superior Ct. 373.

III. A grantee's promise to assume and pay a mortgage is for the benefit of the mortgagee or holder of the encumbrance, and may be enforced by him in an action of assumpsit against the grantee. This proposition is supported by numerous authorities, some of which are cited in this opinion.

Before the adoption of the Rules of Civil Procedure, comparatively recent cases indicated that a mortgagee could sue in his own name, and was not obliged to resort to a suit in the name of the grantor as legal plaintiff to the use of the mortgagee. In the *Fair Oaks* case, supra,

---

Superior Ct. 281, 3 A. 2d 1003; *Nedwidek v. Larson*, 119 Pa. Superior Ct. 198, 180 A. 722; *Sloan v. Klein*, 230 Pa. 132, 79 A. 403; *Greene Co. v. Southern Surety Co.*, 292 Pa. 304, 141 A. 27.

Mr. Justice, later Chief Justice, KEPHART said (p. 252) : "And, although it would seem the better practice to bring suit in the name of the grantor to the use of the mortgagee (Lennox, to use v. Brower, 160 Pa. 191, Lowry v. Hensel's Heirs, supra, [281 Pa. 572]), in some instances we have permitted a direct action in the mortgagee's own name after foreclosure." On the second appeal of *Ruzyc v. Brown*, 327 Pa. 61, 192 A. 876, Mr. Justice HORACE STERN said (p. 64) : "The action was properly brought in the name of the grantors to the use of the mortgagee: Britton v. Roth, 313 Pa. 352, 356; Frey v. United Traction Co. of Pittsburgh, 320 Pa. 196, 199. The mortgagee might also have brought suit in her own name as beneficiary of the contract by which defendants expressly assumed payment of the mortgage debt: Fair Oaks Building & Loan Association v. Kahler, 320 Pa. 252." However, in the *Frey* case, supra, Mr. Justice LINN said (p. 199) that "action must be brought in the name of the legal plaintiff," but sua sponte the court regarded the record as having been duly amended. The adjective law of these cases may not have survived the promulgation of the rules, but it still remains abundantly clear that the Supreme Court did not regard the direct form of action prejudicial or harmful to the rights of the grantee or otherwise affect the substance of the action.

Pa. R. C. P. No. 2002 provides: "(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts. . . . (c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise." 12 PS Appendix. Appended to the rule promulgated in 332 Pa. lxxiv is a note: "Because of the Act of June 12, 1878, P. L. 205, Sec. 2, 21 PS 656, which limits the enforcement of an assumption of encumbrance to a suit by the promisee, suit by a mortgagee to enforce an

assumption of mortgage will be brought under this rule, as under prior practice, in the name of the mortgagor to the use of the mortgagee."

The difference between the decisions and the rules does not, we think, present an insoluble dilemma. We are not forced to a choice between them. Appellant is raising a mere barren technicality. He does not deny that the mortgage is due and payable or that the amount claimed is actually due. He does not allege any infirmity in the mortgage or a defense against his grantor by way of set-off or otherwise. He has not shown how his legal position would be improved by inclusion of Wasyl as a party. By paying the interest regularly to appellee for eight years he acknowledged the validity of his promise. Payment of the judgment will discharge his promise to Wasyl, and appellee will be obliged to satisfy the mortgage. His technical objection lacks equity. To allow it to prevail would defeat appellee upon an insubstantial ground, or put her to unnecessary expense and needless delay.

Wasyl is dead, and an administration of his estate has not been set up. His consent, or that of his personal representative, to an action in his name as the legal plaintiff cannot be obtained. Nor can we, following the *Frey* case, supra, and Pa. R. C. P. No. 1033, relating to amendments, regard the caption as amended, if for no other reason than that it would be at least an anomaly to add the name of a deceased party without naming personal representatives.

IV. The circumstances of this case call for the application of Pa. R. C. P. No. 126, 12 PS Appendix: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

This rule itself has been liberally interpreted, and it has been invoked where the strict application of other pertinent rules would work an injustice. *Arzinger v. Baughman,* 348 Pa. 84, 34 A. 2d 64; *McKay v. Beatty,* 348 Pa. 286, 35 A. 2d 264. And where there has been technical irregularity which has not harmed defendant, the rule has saved just but procedurally incorrect verdicts. *Di Gregorio v. Skinner,* 351 Pa. 441, 41 A. 2d 649. "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives": *McKay v. Beatty,* supra, p. 286, by Mr. Justice HORACE STERN. This is precisely what appellant urges; he would have us hold that a procedural defect which has not harmed him is a reversible error. We cannot respond to his argument without doing real injury to an adversary who has a just claim.

The alternative would be to reverse this judgment without prejudice, leaving appellee as a creditor of Wasyl to set up an administrator, and then sue in his name as the legal plaintiff with appellee as the use plaintiff, or amend this action accordingly. Since there is no meritorious defense to appellee's claim, this should not be required to cure a mere procedural defect.

It is probably unnecessary to add that we do not approve departure from Pa. R. C. P. No. 2002 (c), and that it can be justified only in exceptional instances.

The court below erred inadvertently in entering judgment for "$1700.00 . . . with interest from October 6, 1942." The parties have agreed that interest was paid up to January 20, 1945, and the judgment will be modified accordingly.

The judgment is modified to read "with interest from January 20, 1945," and as modified is affirmed.