## Miller et al. v. Lohr et al.

*Frank S. Lucente*, for plaintiffs.

*Frank A. Orban, Jr.*, for defendant.

*Coffroth & Boose*, for additional defendant.

LANSBERRY, P. J., November 26, 1951.—In this action in trespass proposed additional defendant challenges the jurisdiction of the court because of want of service of process upon him as provided by Pa. R. C. P. 2254(*b*). The rule as now in effect provides as follows:

"(b) The *writ*, with a copy of the complaint of the defendant or the additional defendant and copies of all pleadings theretofore filed in the action, *shall be served* by the sheriff in the same manner as a writ of summons *within thirty (30) days after issuance of the writ, unless the time is extended by the court upon cause shown.*" (Italics supplied.)

A chronological narrative of the pleadings in this action will quickly disclose the issue presented: Guy L. Miller and Anna O. Miller and Theodore R. Miller, a minor, by Guy L. Miller, his guardian, hereinafter referred to as plaintiffs, instituted an action in trespass against Fernanda H. Lohr, defendant, by filing their complaint with notice to plead thereto on December 12, 1950, which was served by the sheriff on December 22, 1950, and return thereof duly made; on December 28, 1950, an appearance of counsel for defendant was entered; on February 16, 1951, counsel for defendant lodged with the prothonotary a præcipe to join as an additional defendant, Albert Crouse, and the writ was accordingly issued; service of the writ upon additional defendant not having been made, counsel for defendant on March 17, 1951, lodged with the prothonotary a præcipe as follows: "Reissue the

writ in the above captioned matter as to the Additional Defendant;" at the same time counsel for defendant filed an answer to the complaint with counterclaim as to plaintiff and further filed a complaint against additional defendant with the usual notice to plead thereto. Not until April 7, 1951, was the writ previously issued by the prothonotary and directed to additional defendant, which writ was then marked by the prothonotary "March 17, 1951 writ re-issued", served by the sheriff on the named additional defendant. On April 21, 1951, additional defendant filed preliminary objections wherein he questioned the jurisdiction of the court, which preliminary objections were endorsed with a notice to plead thereto and answer the same; later, on June 9, 1951, defendant presented a petition for extension of time nunc pro tunc to serve the writ upon additional defendant, whereupon a rule to show cause was allowed and thereafter, on June 29, 1951, answered by proposed additional defendant.

Agreeable to the Rules of Civil Procedure, the service of process should have been made within 30 days after February 16, 1951, and not having been so made an extension of time for service upon cause shown should have been obtained from the court; obviously the rule was not complied with, hence defendant's present request to extend the time for service nunc pro tunc.

The precise question before us is not whether we could at this date extend the time for service nunc pro tunc, but rather, did defendant within 30 days of the issuance of the writ to join additional defendant have meritorious cause sufficient to move the court at that time to grant the extension provided by the rule. If he did, we would then be confronted with the additional and secondary inquiry.

The reason for the want of service, which is the basis for defendant's present request for an extension of

time, is fully set forth in defendant's petition and may be summarized as follows: a companion suit having been instituted prior to this present action, counsel for defendant here erroneously, but perchance justifiably, assumed that counsel for proposed additional defendant, who is plaintiff in that companion suit, would likewise represent him as additional defendant here, and, accordingly had conversation relative to acceptance of service of the writ issued February 16, 1951; when counsel for defendant was subsequently informed that personal service would have to be made, the time remaining for such service was insufficient and the 30 days inadvertently allowed to expire without requesting an extension of time for that service; counsel for defendant, admittedly unaware of the provisions of the above rule of civil procedure, then attempted a reissuance of the writ as above set forth.

When a litigant appeals to the court in the exercise of its discretion to waive a rule of civil procedure, the court must not be unmindful of the purpose, spirit and policy of the Rules of Civil Procedure. Pa. R. C. P. 126 expresses these attributes in providing:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Thus the rule requires a liberal construction of all the procedural rules to the end that a just, speedy and inexpensive determination of actions may be had: Morris v. Loranger, 41 D. & C. 13 (involving joinder of additional defendants) ; Steinert v. Galasso, 163 Pa. Superior Ct. 576. Especially is this liberality of construction applicable if substantial rights are not abridged, that being a limitation in the applicability of

rule 126 itself and the several other rules promulgated: Richter v. Mozenter, 356 Pa. 650. However, "If every violation of the rules is waived the net result is the same as though there were no rules": Anderson, Pennsylvania Civil Practice, vol. 2, page 26. Courts cannot lightly ignore the Rules of Civil Procedure: Wood v. Garrett, 353 Pa. 631. An orderly administration of justice, which is the supreme goal of all litigation, requires that litigation be governed by a body of rules upon which all litigants and their counsel may rely: McFeaters, etc., v. The Cooper-Bessemer Corp., 51 D. & C. 404. Particularly applicable in the instant case is Koll et al. v. Pickford et al., 353 Pa. 118, wherein Mr. Justice Drew said at page 121:

"The common law rule in regard to service of process has always been regarded as binding in Pennsylvania, unless a statute declares a different method: Heaney v. Mauch Chunk Boro., 322 Pa. 487, 490, 185 A. 732. The Rules of Civil Procedure, which have the effect of a statute, governing joinder of additional parties (Rule No. 2275) suspended the Act of April 10, 1929, P. L. 479, and the amendments of 1931, 1933, and 1937, dealing with the joinder of additional defendants. Rule No. 2275 was effective September 4, 1939 (332 Pa. CXXXIV). As this suit was begun after the effective date of the Rules of Civil Procedure, those rules are controlling."

Liberality in the interpretation and application of the Rules of Civil Procedure will not be carried to the extent of destroying the purposes for which the rules were promulgated. Adherence to the rules of procedure is obligatory on the courts; if cause otherwise be not shown, the rule must be followed; if cause be shown, the rule in that instance will be waived; the court's obligation is clear in either case; any other interpretation and application would not be justice under law.

We have not been shown nor have we found any case construing the precise phase of the rule here presented but we do find a close analogy in the cases holding that the 60-day period for joining an additional defendant as provided in Pa. R. C. P. 2253 will not be extended in the absence of good cause for the delay. In two cases, petitioners for extension of time to join additional defendants averred that the prescribed time elapsed during negotiations for settlements and in both cases the petitions were refused: Wood et al. v. Traber, 56 D. & C. 581 (1945), and Shimer v. Jacoby, 30 Northamp. 326 (1946). Obtaining additional counsel was held insufficient cause for extension of the time limit in Scureman v. Perkiomen Realty Co., 47 D. & C. 361. Extension was refused until 60 days following discharge from the armed services of the proposed additional defendant in Fernsler v. B. K. W. Coach Line, 49 Lanc. 245 (1944).

In at least two reported cases the cause for delay was held sufficiently meritorious on which to base the requested extension (Frank v. Nash et al., 51 Lanc. 205 (1948), where the insured failed to notify his insurer), and Cohen v. Elliott, 97 Pitts. L. J. 314 (1948), in which case the only reason given was that the period allowed by statute of limitation had not expired. Similarly, extensions were granted for good cause in Simon v. Keystone Coop Grape Association, 29 Erie 234 (1946), and Gusler et al. v. Swartzentruber et al., 48 D. & C. 705 (1943).

Of peculiar applicability by analogy also is the interpretation of Pa. R. C. P. 2258, now superseded, providing for the 20-day period within which plaintiff was required to file a supplementary statement of claim against an additional defendant. In three cases the reason for the requested extension of time was the unawareness or inadvertence of counsel, which is one

of the two reasons assigned in the instant case. In Stansfield v. Vanbelle et al., 40 D. & C. 10 (1940), and Federico et ux. v. City of Philadelphia et al., 40 D. & C. 159 (1940), the court extended the time because of counsel's inadvertence or unfamiliarity with the then new rule but not without calling attention of the bar to the rule so that the same reason would not have to be invoked later. However, Judge Sloane in Pinsky v. Master, Admx., et al., 40 D. & C. 511, refused an extension based on similar reason indicating that attorneys had sufficient time to become familiar with the rule and concluded "If we give permission here we can refuse hardly anyone". On appeal, 343 Pa. 451, the refusal to grant the extension was affirmed, the per curiam opinion of the Supreme Court concluding as follows:

"The court below predicated its refusal to grant the relief on the grounds that the application was not made with reasonable promptness, that the rules have been in force for a considerable time, and that counsel had failed to heed the warning given in two decisions by Courts of Common Pleas in Philadelphia County. This was a matter peculiarly for the court below and we find nothing in the record showing an abuse of legal discretion by that court."

In the case now being considered it appears that in an earlier case Frank S. Lucente, Esq., represented Crouse as plaintiff against this identical defendant Lohr and Lohr's counsel did have conversation with Mr. Lucente concerning service of process on Crouse as the proposed additional defendant here; while awaiting Crouse's answer, which eventually was negative, the 30-day period for service of process expired. In view of the foregoing discussion and authorities we cannot say a sufficient excuse or reason has been advanced for waiving the rule. This is particularly so

when we consider that substantial rights of the proposed additional defendant may be directly and adversely affected if we waive the rule.

In the instant case the unfamiliarity with the time limit contained in the rule is also advanced as a reason for invoking the court's discretion and favorable consideration. We have already demonstrated such is no longer sufficient reason in analogous situations and we may conclude by quoting from Judge Barthold in Shimer v. Jacoby, supra, p. 331:

"Were we to hold that inadvertence of counsel is sufficient cause for extension of time, all time limits prescribed by Penna. Rules of Civil Procedure would be rendered meaningless in that any delay on the part of the negligent party or his counsel could be excused by an averment of inadvertence. The excuse of inadvertence cannot be raised to the dignity of a cause without abrogating prescribed time limits and permitting parties to respond in court at their convenience."

Considerable portion of the oral argument and brief submitted by counsel for the proposed additional defendant concerned the expiration of the time by virtue of the statute of limitations applicable to trespass actions; as to that count of the complaint seeking damages for personal injuries the objection to the extension of time is meritorious while as to that portion of the complaint seeking remuneration for property damages a different consideration is pertinent; however, for the reasons hereinbefore set forth, we need not further pursue this objection advanced by counsel for the proposed additional defendant and we shall now enter the following

### Order

Now, November 26, 1951, the preliminary objections to the services of process upon the proposed additional defendant are sustained, the petition to extend the

time for service of process nunc pro tunc is refused, and the record costs of this portion of the above-captioned litigation are assessed against defendant of record.